IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WALTER MCDERMENT
and JANET MCDERMENT,

           Plaintiffs,

v.                                       CIVIL ACTION NO. 2:24-cv-00508

SYNCHRONY BANK,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Notice of Removal* (Document 1), the *Plaintiffs' Motion to Remand for Costs and Fees* (Document 7), the Plaintiffs' *Memorandum in Support of Motion to Remand and For Costs and Fees* (Document 8), *Defendant Synchrony Bank's Opposition to Plaintiffs' Motion to Remand and for Costs and Fees* (Document 11), the *Reply in Support of Plaintiffs' Motion to Remand* (Document 12), and all attached exhibits. For the reasons stated herein, the Court finds the motion should be granted.

**FACTUAL ALLEGATIONS**

The Plaintiffs, Walter and Janet McDerment, brought this suit in the Circuit Court of Boone County, West Virginia, on June 10, 2024. The Plaintiffs are domiciled in Ashford, West Virginia. The Defendant is Synchrony Bank, also known as Allegro Credit, a federal savings association that has its principal place of business in Draper, Utah.

The Plaintiffs allege that in 2017, they went to Beltone Hearing Aid Center ("Beltone") to purchase hearing aids for Mrs. McDerment. She entered into a credit agreement with the Defendant to pay $7,490 over the course of 60 months for the purchase of the hearing aids. At some point, the left hearing aid stopped working properly.

Until the COVID-19 pandemic, the McDerments made each of their payments to the Defendant on time but missed two payments sometime during the pandemic. The Plaintiffs state that the late payments have since been paid in full. However, the Defendant has continued to assess a late fee of $8.50 each month to the Plaintiffs' account for the "past several years," even when payment is made on time. (Document 1-1 at 13.) The Plaintiffs contend that the late fee is assessed because of the previous delinquent payments. The remaining debt on the hearing aids is $1,888.81. (Document 8-1, Ex. A.)

The Plaintiffs bring several claims under the West Virginia Consumer Credit and Protection Act ("WVCCPA") and assert the following causes of action: Count One – Violations of W. Va. Code § 46A-6E-1 *et seq.*; Count Two – Improper Threats of Collection Fees in Violation of W. Va. Code §§ 46A-2-127(g), 46A-2-128; Count Three – Unlawful Acts or Practices in Violation of W. Va. Code § 46A-6-104; Count Four – Unlawful Late Fees in Violation of W. Va. Code § 46A-3-112; and Count Five – Negligence. On September 18, 2024, the Defendant removed this case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Together with their Complaint, the Plaintiffs filed a Stipulation, signed by themselves and their attorney, stating that they are not seeking, nor will they accept, recovery in excess of $75,000, inclusive of attorneys' fees. The Plaintiffs now move to remand the case to the Circuit Court of Boone County based on the Court's lack of subject matter jurisdiction.

**STANDARD OF REVIEW**

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a).[1] This Court has original jurisdiction of all civil actions between citizens of different states or between citizens of a state and citizens or subjects of a foreign state where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1)-(2). Generally, every defendant must be a citizen of a state different from every plaintiff for complete diversity to exist. Diversity of citizenship must be established at the time of removal. *Higgins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1998).

Section 1446 provides the procedure by which a defendant may remove a case to a district court under Section 1441. Section 1446 requires that "[a] defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Additionally, Section 1446 requires a defendant to file a notice of removal within thirty days after receipt of the initial pleading. It is a long-settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *Strawn et al. v. AT &T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008);

---

1  Section 1441 states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

*Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted).

Thus, in this case, Synchrony Bank has the burden to show the existence of diversity jurisdiction by a preponderance of the evidence. *See White v. Chase Bank USA, NA.*, Civil Action No. 2:08-1370, 2009 WL 2762060, at *1 (S.D. W. Va. Aug. 26, 2009) (Faber, J.) (citing *McCoy v. Erie Insurance Co.*, 147 F. Supp. 2d 481,488 (S.D. W. Va. 2001)). Where the amount in controversy is not specified in the complaint, the defendant must "demonstrate that it is more likely than not that the amount in controversy exceeds the jurisdictional amount." *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D. W. Va. 1996) (Copenhaver, J.) In deciding whether to remand, because removal by its nature infringes upon state sovereignty, this Court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

**DISCUSSION**

The Plaintiffs argue that the Defendant has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000, and that they should be awarded attorney fees for the improper removal. The Defendant argues that its burden for removal has been met, and even if it had not been met, the Plaintiffs are not entitled to attorneys' fees for responding to the removal.

A. *Amount in Controversy*

In its Notice of Removal, the Defendant asserts that this Court has diversity jurisdiction because the parties are citizens of different states and the amount in controversy exceeds $75,000. It purports that the amount in controversy exceeds the jurisdictional threshold because the Plaintiffs seek actual damages, statutory damages, cancellation of the debt, attorneys' fees and

4

costs, damages for undue inconvenience, and punitive damages. In subsequent briefing, the Defendant asserts that the amount in controversy, excluding punitive damages, is at least $126,157.75.[2]

The Plaintiffs argue that remand is appropriate because the Defendant has failed to establish that the amount in controversy exceeds $75,000 by a preponderance of the evidence. They assert that the Defendant has presented only conclusory allegations that are void of analysis supporting its statements about jurisdiction. According to the Plaintiffs, the actual amount in controversy is $8,333.57.[3] The drastic difference in the Plaintiffs' and the Defendant's calculations is attributed to what the Plaintiffs assert were multiple, improper deletions of the debt at issue. The Plaintiffs also do not include attorneys' fees or punitive damages in their calculation because such damages are "not a proper basis for removal since each is a speculative measure of damages." (Document 8 at 5) (citing *Gabe v. Dolgencorp, LLC*, No. 5:17-cv-04380, 2018 WL 4212417, at *3 (S.D. W. Va. Sept. 4, 2018)).

"To satisfy its burden, a defendant must offer more than a bare allegation that the amount in controversy exceeds $75,000. Instead, a defendant seeking removal must 'supply evidence to support its claim regarding the amount at issue in the case.'" *Cty. of Wyoming, W. Va. v. U.S. Bank Nat. Ass'n, N.A.*, No. 5:12-cv-01465, 2013 WL 622144, at *5 (S.D. W. Va. Feb. 19, 2013). "[C]ourts base their decision on the record existing at the time the petition for removal was filed." *McCoy*, 147 F. Supp. 2d at 489. In determining the amount in controversy, the Court examines "the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands

---

[2] The Defendant attributes the following damages to the Plaintiffs' claims: Count One – $7,490; Count Two – $2,879.31; Count Three – $3,745; Count Four – $77,025.44; and Attorneys' Fees – $17,000.
[3] The Plaintiffs attributes the following damages to their claims: Count One – $3,422.38; Count Two – $1,000; Count Three – $1,911.19; Count Four – $2,000; and Attorneys' Fees – unknown.

at the time of removal." *Id*. The Court may look at the entire record before it to make an independent evaluation of whether the amount in controversy exceeds $75,000. *Id*. To determine the amount in controversy where no specific dollar amount demand is contained in the complaint, this Court is to consider:

> the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed.

*Id*. at 489. Furthermore, the Court in making this determination "is not required to leave its common sense behind." *Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 24 (S.D. W. Va. 1994) (Faber, J.)

Under the WVCCPA statutes the Plaintiffs allege have been violated, they are entitled to "twice the amount of any pecuniary loss, together with costs . . . and reasonable attorney fees," actual damages and $1,000 per statutory violation, and "actual damages or $200, whichever is greater." W. Va. Code §§ 46A-6E-7(c), 46A-5-101(1), 46A-6-106(a). After a careful review of these statutes, it is clear the Defendant's calculation of the damages is not supported by the language of the WVCCPA. To reach the Defendant's asserted amount in controversy, it inflates the amount the Plaintiffs can recover for each statutory violation and repeatedly deletes the debt incurred by the Plaintiffs. No provision of the WVCCPA allows a plaintiff to recover damages for incurred debt in the manner the Defendant has calculated here.

It is difficult to imagine how the Defendant can reasonably conclude that a debt of approximately $1,888.81 can result in $109,157.75 of compensatory and statutory damages,

particularly when the statutory penalty under the WVCCPA is only $1,000 per violation.[4] The Defendant's calculation of the compensatory and statutory damages under the WVCCPA does not conform with available evidence, but instead relies on a baseless interpretation of the WVCCPA that improperly inflates the amount in controversy to reach the jurisdictional amount. An inflated calculation lacking legal or evidentiary basis is insufficient to support the Defendant's burden.

The parties also differ in their calculation of attorneys' fees available under the WVCCPA. "Attorney fees are available under the WVCCPA, and thus may be used to calculate the amount in controversy . . . if supported by actual evidence." *Stottlemire v. Caliber Home Loans, Inc.*, No. 1:16-CV-118, 2017 WL 282419, at *2 (N.D. W. Va. Jan. 20, 2017). However, attorneys' fees are not guaranteed under the WVCCPA, even if the plaintiff is ultimately successful. "In any claim brought under this chapter applying to illegal, fraudulent or unconscionable conduct . . . the court *may* award *all or a portion* of the costs of litigation, including reasonable attorney fees . . . ." W. Va. Code § 46A-5-104 (emphasis added). This District has emphasized that "estimation of attorneys' fees at an early stage of litigation amount[s] to pure speculation which 'cannot be used to augment the amount-in-controversy.'" *Caufield v. EMC Mortg. Corp.*, 803 F. Supp. 2d 519, 529 (S.D. W. Va. 2011) (Goodwin, J.) (quoting *Bartnikowski v. NVR, Inc.,* 307 F. App'x 730, 736 n.12 (4th Cir. 2009)).

The Defendant bases its calculation of attorneys' fees on speculation. It points to *Dunlap v. Green Tree Servicing, LLC*, wherein claims are asserted under the WVCCPA that are entirely

---

4 The Court does not point to the WVCCPA's limited statutory damage amount to suggest that cases under the WVCCPA cannot reach the diversity jurisdiction threshold. Cases brought before this District alleging WVCCPA violations have met the required amount in controversy. *See Dunlap v. Green Tree Servicing, LLC*, No. 2:05-cv-0311, 2005 WL 3177881, at *1 (S.D. W. Va. Nov. 28, 2005) (Copenhaver, J.) (debt of $64,455.66); *White v. Newrez*, No. 2:21-cv-00444, 2022 WL 1920696, at *2 (S.D. W. Va. June 3, 2022) (Goodwin, J.) (loan balance of $54,577.45). However, the debt incurred by the Plaintiffs here is significantly less than the debt incurred in cases that have met the required amount in controversy.

unrelated to the claims at issue in this case. No. 2:05-cv-0311, 2005 WL 3177881, at *1 (S.D. W. Va. Nov. 28, 2005) (Copenhaver, J.) In *Dunlap*, the court used the maximum fee suggested by the defendant in its calculation of the amount in controversy, which attributed a maximum attorneys' fee of $450 per hour for forty hours of case work. *Id*. at *5. The Defendant argues that this Court should act similarly and attribute a maximum fee of $425 per hour for forty hours of case work, resulting in an attorneys' fee estimate of $17,000. The Defendant has no evidence that the Plaintiffs' attorneys will spend forty hours working on this case, and the hourly rate it points to is from 2018. *See Gabe v. Dolgencorp, LLC*, No. 5:17-cv-04380, 2018 WL 5985687, at *2 (S.D. W. Va. Nov. 14, 2018). With estimations this uncertain and at a stage this early in the litigation, the Court finds it inappropriate for attorneys' fees to be included in the calculation of the amount in controversy. However, even if the Court were to accept the Defendant's maximum suggested attorneys' fee of $17,000, the jurisdictional threshold would still not be met.

Unlike attorneys' fees, punitive damages are not available under the WVCCPA, and are thus not included in calculating the amount in controversy. *See Patrick v. PHH Mortg. Corp.*, 937 F. Supp. 2d 773, 787 (N.D. W. Va. 2013); *Judy v. JK Harris & Co.*, No. 2:10-cv-01276, 2011 WL 4499316, at *7 (S.D. W. Va. Sept. 27, 2011) (Johnston, J.) (citing 14B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3702 (4th ed. 2011)). Therefore, the only potential for an award of punitive damages is under the Plaintiffs' negligence claim. The Defendant has not offered evidence on the Plaintiffs' potential recovery if they would prevail on their negligence claim. As such, punitive damages will not be factored into the amount in controversy calculation.

The parties also present arguments on whether the signed Stipulations by Plaintiffs are binding and thus controlling of the amount in controversy. Because the Court finds that the amount in controversy is far below $75,000, it is not necessary to address these arguments.

B. *Attorneys' Fees for Improper Removal*

Regarding their request for attorneys' fees for improper removal, the Plaintiffs argue that the Defendant lacked an objectively reasonable basis for removal, and that deterrence in the form of attorneys' fees is appropriate because the Defendant ignored precedent, wasted judicial resources, and needlessly delayed litigation in pursuing removal. In its response, the Defendant argues that an award of attorneys' fees for improper remand is not appropriate because the minimum number of alleged statutory violations is ascertainable, it has presented a reasonable and conservative estimate of attorneys' fees, the damages at issue are supported beyond mere conjecture, and awarding fees ignores other applicable case law.

According to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The United States Supreme Court has held that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts *may* award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 141 (2005) (emphasis added). However, an attorneys' fees award is not automatic upon remand. The "may" language in both Section 1447 and in *Franklin* indicates that a district court has discretion in awarding legal fees in remand scenarios. The *Franklin* court explained that "a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court

9

exercises its discretion in this manner, however, its reasons for departing from the general rule should be 'faithful to the purposes' of awarding fees under § 1447(c)." *Id.*

After careful consideration of the briefs and of the Defendant's basis for removal, the Court cannot find that any objectively reasonable basis existed upon which the Defendant's removal could rest. Although the Defendant relied on the Plaintiff's representations in good faith, nothing in the Plaintiff's filings suggests an amount in controversy satisfying the federal removal requirement. The Plaintiff's WVCCPA claims do not provide the Defendant with sufficient information to believe removal was reasonable or appropriate. Too, the Defendant's reliance on mere speculation, conjecture, and inflated calculations throughout its motion suggests to the Court that there was no reasonable basis to remove this matter at the time the Defendant attempted to do so. Therefore, the Court finds the Plaintiff's request for attorney fees and costs should be granted.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiffs' Motion to Remand for Costs and Fees* (Document 7) be **GRANTED** and that this matter be **REMANDED** to the Circuit Court of Boone County, West Virginia, and **STRICKEN** from the docket of this Court. This Court will retain jurisdiction as to the amount of costs and fees **ONLY**.

While the Court has granted the Plaintiff's motion for attorney fees and costs, the Court observes that the Plaintiff has not included a calculation of said costs. Should the Plaintiff continue to seek such an award, the Court **ORDERS** that they submit a detailed calculation of applicable costs and fees **no later than December 31, 2024.**

The Court **ORDERS** that all pending motions be **TERMINATED AS MOOT** and **DIRECTS** the Clerk to send a copy of this Order to the Clerk for the Circuit Court of Boone County, West Virginia, to counsel of record, and to any unrepresented party.

ENTER: December 12, 2024

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA